NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated, | : : : : |
| Plaintiff, | : Civil Action No. 13-7887 (ES) |
| v. | : OPINION |
| GREEN TREE SERVICING, LLC, | : : |
| Defendant. | : : |

**SALAS, DISTRICT JUDGE**

**I.     INTRODUCTION**

Plaintiff Jerry K. Wong ("Wong" or "Plaintiff") brought this putative class action, alleging false or misleading representations under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692e, against defendant Green Tree Servicing, LLC ("Green Tree" or "Defendant"). (D.E. No. 1 ("Compl.") ¶¶ 25-26). Green Tree moves to dismiss Wong's complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 5-1, Memorandum of Law of Green Tree Servicing, LLC in Support of its Motion to Dismiss ("GT's Mov. Br.") at 1). The Court decides Green Tree's motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

As explained below, the Court finds that Wong's complaint sufficiently alleges a claim for relief under the FDCPA and therefore DENIES Green Tree's motion to dismiss.

**II.     BACKGROUND**[1]

In November 2012, Wong's Bank of America mortgage loan "went into default." (Compl. ¶ 17).  On April 1, 2013, Bank of America "transferred servicing rights on the mortgage loan" to Green Tree, and Green Tree "formally took over serving of the loan" as of this date. (*Id.* ¶¶ 18-19).

Green Tree "regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default." (*Id.* ¶ 9). Green Tree left two voicemail messages for Wong. First, on June 28, 2013, Green Tree left the following message for Wong:

> This message is for Jerry Wong, Jerry this is Daniel from Greentree [sic], sir I need a call back from you today, my number is 877-808-0048 my direct extension is 86428 give me a call back at your earliest convenience sir I will be in the office until 8, thank you, have a good one.

(*Id.* ¶¶ 11-12).  Second, on December 4, 2013, Green Tree left the following message for Wong: "This message is for Jerry Wong, my name is Calandra I'm calling from Greentree [sic] please give me a call at 855-892-8914." (*Id.* ¶¶ 11, 13).

By leaving these voicemail messages, Green Tree "sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal mortgage loan." (*Id.* ¶ 14).  But "[e]ach of the [m]essages failed to disclose that the communication was from a debt collector." (*Id.* ¶ 24).  To be sure, Green Tree employees answer the callback numbers left on these two messages, but "there is no precursor or automated message played informing anyone who calls that [Green Tree] is a debt collector before being allowed to speak to a representative from [Green Tree]." (*Id.* ¶ 21).

---

[1] The Court must accept Wong's factual allegations as true for purposes of resolving Green Tree's motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012) ("As such, we set out facts as they appear in the Complaint and its exhibits.").

On December 30, 2013, Wong brought the instant action against Green Tree in this Court, alleging the following single count: "[f]ailing to disclose in all oral communications that [Green Tree] is a debt collector" in violation of 15 U.S.C. § 1692e(11) of the FDCPA. (Compl. ¶¶ 25-26). As detailed below, Green Tree moved to dismiss Wong's complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 5).[2]

### III.    LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic

---

[2] After Green Tree's motion to dismiss became ripe for this Court's review, Wong moved for leave to file supplemental authority in further support of its opposition to Green Tree's motion. (D.E. No. 9). Green Tree subsequently submitted a memorandum distinguishing this supplemental authority. (D.E. No. 10). The Court grants Wong's motion and has carefully considered all of the submissions filed in support of and in opposition to Green Tree's motion to dismiss.

documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV. DISCUSSION

### A. Wong Sufficiently Pleads that the Voicemail Messages Occurred in Connection with the Collection of a Debt

Green Tree argues that the two voicemail messages could not have occurred in "connection with the collection of any debt"—which it avers is a "prerequisite to relief under 15 U.S.C. § 1692e(11)"—and Wong's complaint must therefore be dismissed. (GT's Mov. Br. at 5; D.E. No. 8, Reply Memorandum of Green Tree Servicing, LLC in Support of its Motion to Dismiss ("GT's Reply Br.") at 1). Specifically, Green Tree argues that Wong's claim "fails as the alleged June 28, 2013 and December 4, 2013 voice mails were—on their face—clearly not debt collection communications." (GT's Mov. Br. at 4). It asserts that "in neither voice mail did the Green Tree representative identify *even the account number*" or that the loan was "delinquent" or "demand payment, warn of late fees or threaten foreclosure proceedings." (*Id.* at 4 (emphasis in original)).

In short, Green Tree contends that the "alleged voicemails contained no information that would convey any information regarding the mortgage loan." (GT's Reply Br. at 4). Thus, Green Tree maintains that informational communications—like the ones alleged in Wong's complaint—cannot be "in connection with the collection of any debt." (*See* Green Tree's Mov. Br. at 4; Green Tree's Reply Br. at 2).

In opposition, Wong contends that his complaint "alleges that in leaving the voice messages, Green Tree sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal mortgage loan." (D.E. No. 7, Plaintiff's Responding Brief Opposing Defendant's Motion for Dismissal ("Wong's Opp. Br.") at 14). And

Wong argues that he alleged that "each of the [m]essages failed to disclose that the communication was from a debt collector" in violation of 15 U.S.C. § 1692e(11). (*Id.*).

The FDCPA regulates debt collection. *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 265 (3d Cir. 2013). Among other provisions, the FDCPA provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt*. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (11) The *failure to disclose* in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial *oral communication*, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, *and the failure to disclose in subsequent communications that the communication is from a debt collect*or, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or *indirectly* to any person through any medium." *Id.* § 1692a(2) (emphasis added).

Other courts in this District have adopted the following approach:

> the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, *a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors [sic] to circumvent the § 1692e(11) disclosure requirement*, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt.

*See Krug v. Focus Receivables Mgmt., LLC*, No. 09-4310, 2010 WL 1875533, at *2-3 (D.N.J. May 11, 2010) (emphasis added) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 657 (S.D.N.Y. 2006)); *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857, 2010 WL 1049935, at *3-4 (D.N.J. Mar. 16, 2010) (quoting this language from *Foti* and asserting that the "Court will not permit Defendant to obviate liability by encrypting messages otherwise intended to extend communications concerning debt collection").

Notably, the following two voicemail messages at issue in *Krug*—in which the court denied the debt collector's Rule 12(b)(6) motion—closely resemble the messages in this action: (1) "This message is for—Bruce Huffman. This is Miss Mack, I am requesting a call back from you today. You can contact my office toll-free, 1-888-379-9266; my direct extension [sic] Again, it is imperative that you do [sic] office today. This is not a solicitation call, contact my office, 9266"; (2) "Please call Ashley Boyle at 1-877-623-6287. Once again, my number is 1-877-623-6287. Thank you." *See* 2010 WL 1875533, at *1.

To be sure, Green Tree attempts to distinguish *Krug* by arguing that the debt collector in that case "left messages regarding 'an important business matter' and '[a] personal business matter.'" (Green Tree's Reply Br. at 3). And, in fact, certain voicemail messages in *Krug* did use this language. But the *Krug* court's analysis did not depend on such language. Instead, the *Krug* court explicitly agreed with the *Foti* reasoning reproduced above and denied the Rule 12(b)(6) motion. *See* 2010 WL 1875533, at *2-3. After all, the *Krug* court could have granted the motion with respect to certain messages and denied it with respect to others, but it did not do so. *Cf. Koby. v. ARS Nat'l Servs., Inc.*, No. 09-0780, 2010 WL 1438763, at *3-4 (S.D. Cal. Mar. 29, 2010) (granting defendant's motion to dismiss plaintiff's Section 1692e(11) claim as to certain voicemail messages and denying the motion with respect to others).

This Court likewise refuses to dismiss the complaint in this matter. Wong alleges that Green Tree "sought to collect a debt incurred for personal, family or household purposes, namely fees emanating from a personal mortgage loan"—but that "[e]ach of the [m]essages failed to disclose that the communication was from a debt collector." (Compl. ¶¶ 14, 24; *see also id.* ¶¶ 17-18 (citing exhibits and alleging that the Wong's Bank of America mortgage loan defaulted and that Bank of America transferred servicing rights on the loan to Green Tree)). The Court must accept these allegations as true at this stage and draw all reasonable inferences in favor of Wong.

Therefore, "[v]iewed in the context of the facts alleged in . . . [Wong's] [c]omplaint and in the light most favorable to [Wong], the purpose of the messages was to induce [him] to call [Green Tree] to discuss [his] outstanding debt." *See Hutton v. C.B. Accounts, Inc.*, No. 10-3052, 2010 WL 3021904, at *1, *3 (C.D. Ill. Aug. 3, 2010) (denying motion to dismiss Section 1692e(11) claim where plaintiff received the following voicemail from defendant debt-collector—and "several other similar messages"—"Urgent message. This message is for Roseanne Hutton. Roseanne, this is Kyeisha [ph] calling you. I need you to return my phone call. The number is 866 207 8464").[3]

Accordingly, Green Tree's assertion that Wong "failed to allege any facts demonstrating that the voice mails occurred in the course of debt collection," (*see* Green Tree's Reply Br. at 2), rings hollow. Indeed, accepting Green Tree's position "could create a significant loophole in the FDCPA" whereby debt collectors could "circumvent the § 1692e(11) disclosure requirement . . .

---

[3] Green Tree attempts to distinguish *Krug* and other case law on the grounds that, in those cases, the debt collector did not "argue that the voice mails were [] made in connection with the collection of a debt under 15 U.S.C. § 1692e." (*See* Green Tree's Reply Br. at 3). But this appears to be a distinction without a difference because the relevant issue is whether Wong has sufficiently pleaded a Section 1692e(11) claim—and, from Wong's complaint, the Court can reasonably infer that the purpose of Green Tree's messages was to induce Wong to call Green Tree to discuss his debt.

merely by not conveying specific information about the debt." *See Krug*, 2010 WL 1875533, at *2 (quoting *Foti*, 424 F. Supp. 2d at 657).

In sum, Green Tree invites the Court to hold that, as a matter of law, a voicemail message must explicitly reference a debt or a loan to be "in connection with the collection of any debt" for purposes of Section 1692e(11). For the reasons outlined herein, however, the Court declines to do so.

### B. The Court is not Persuaded by Green Tree's Contention that the Voicemail Messages Adequately Disclose that the Caller was a Debt Collector

In the alternative, Green Tree argues that Section 1692e(11) only requires disclosure of enough information that the "least-sophisticated debtor" would understand that the communication is from the a debt collector—and, here, Wong was aware that Green Tree was a debt collector. (Green Tree's Reply Br. at 5). In other words, Green Tree contends that the "representatives did not have to explicitly state they were calling on behalf of a debt collector, because Plaintiff was undoubtedly aware that Green Tree was a debt collector at the time of the voice mails." (Green Tree's Mov. Br. at 6; *see also* Green Tree's Reply Br. at 7 ("[N]owhere in the Complaint is there an allegation that, at the time of the voicemails, Plaintiff did not know that Green Tree was a debt collector.")). And Green Tree asserts that, since Wong knew that Green Tree was a debt collector, he cannot seek relief under Section 1692e(11). (Green Tree's Mov. Br. at 7).

In opposition, Wong argues that "[n]owhere does the Complaint state that Plaintiff was aware Green Tree was a debt collector," but only that "Green Tree began servicing the loan after the loan went into default and therefore is a debt collector within the statutory meaning in the FDCPA." (Wong's Opp. Br. at 23). And Wong asserts that Green Tree's "self serving

allegation" that Wong knew Green Tree was a debt collector is "nothing more than an unproven factual allegation" that should not be considered at this juncture. (*Id.* at 24).

Moreover, Wong declares that Green Tree is attempting to "completely rewrite the plain language of 15 U.S.C. [§] 1692e(11)." (*Id.*). He argues that Green Tree is trying to "avoid liability based on the novel theory that Plaintiff was aware that Green Tree was a debt collector." (*Id.*). And Wong asserts that the plain language of Section 1962e(11) "clearly states that in every subsequent communication a debt collector must at a minimum state that the communication is from a debt collector." (*Id.* at 26).

The Court is not persuaded by Green Tree's argument. Green Tree seems to argue that, based on his pleadings, Wong was aware Green Tree was a debt collector and, therefore, that the voicemails "adequately disclosed the caller was a debt collector." (*See* Green Tree's Reply Br. at 5). But Green Tree's argument is flawed because it ignores the plain language of Section 1692e(11). As set forth above, Section 1962e(11) provides—on its face—that the "the failure to disclose in subsequent communications that the communication is from a debt collector" is a "violation."

Tellingly, Green Tree asserts—without citing any authority—that Section "1692e(11) only requires Green Tree to disclose enough information that the least-sophisticated debtor would understand that the communication is from a debt collector." (*See* Green Tree's Reply Br. at 5). This simply is not what Section 1692e(11) says. It *explicitly requires* that a debt collector "disclose in subsequent communications that the communication is from a debt collector."[4]

---

[4] To be sure, Green Tree cites case law purportedly supporting dismissal of a Section 1692e(11) claim where the plaintiff was aware that the defendant was a debt collector at the time of the communications. (*See* Green Tree's Reply Br. at 6-7). But these cases involved motions for summary judgment (not Rule 12(b)(6) motions), suggesting that any such determination is likely premature at this juncture. (*See id.* (citing *Beard v. Sentry Credit, Inc.*, No. 10-2218, 2012 WL 3778880 (E.D. Cal. Aug. 31, 2012); *Paul v. Metro Area Collections, Inc.*, No. 10-765, 2011 WL 2270515 (D. Or. May 4, 2011); *Reed v. Global Acceptance Credit Co.*, No. 08-1826, 2008 WL 3330165 (N.D. Cal. Aug. 12, 2008))).

And Green Tree's contention that Wong "fails to allege any facts showing that she [sic] was deceived or misled by the two voicemails" misses the mark. (Green Tree's Reply Br. at 7). After all, Section 1962e(11) sets forth that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and that "failure to disclose in subsequent communications that the communication is from a debt collector" constitutes such a "violation." The Court therefore denies Green Tree's motion on this alternative basis as well.

**V.     CONCLUSION**

As set forth above, the Court hereby DENIES Green Tree's motion to dismiss. An appropriate Order accompanies this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**