UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC,<br><br>Defendant. | CASE NO. 2:13-cv-07887-ES-JAD |

**JOINT DISCOVERY PLAN FOR SEPTEMBER 16, 2014 SCHEDULING CONFERENCE**

Plaintiff, Jerry K. Wong ("Plaintiff"), and Defendant, Green Tree Servicing, LLC ("Defendant"), by their undersigned counsel and pursuant to the Court's Order for Scheduling Conference [D.E. #11], hereby submit their proposed Joint Discovery Plan in advance of the Scheduling Conference to be held on September 16, 2014 at 12:30 p.m.

**(1) BRIEF FACTUAL STATEMENT OF CLAIMS AND DEFENSES AND LEGAL ISSUES IN THE ACTION**

In the Class Action Complaint (the "Complaint") [D.E. #1], Plaintiff alleges that Defendant violated 15 USC § 1692e(11) of the Fair Debt Collection Practices Act ("FDPCA"). Plaintiff alleges that on April 1, 2013, Bank of America transferred servicing of her mortgage loan (the "Loan") to Defendant. [D.E. #1 at ¶18]. Plaintiff alleges that the Loan initially went into default in November 2012 and remained delinquent at the time of this servicing transfer. [D.E. #1 at ¶17]. The Complaint asserts that on June 28, 2013 and December 4, 2013, Defendant left two voice mails on Plaintiff's cellular phone seeking to collect a debt. [D.E. #1 at ¶14].

Plaintiff alleges that the voice mails failed to disclose that Defendant was a debt collector in contravention of 15 USC § 1692e(11). [D.E. #1 at ¶25]. Plaintiff seeks to bring a class action on behalf of:

> all individuals with a New Jersey address for whom GT left a message on the person's telephone answering device in connection with the collection of a mortgage loan that was in default when GT took over servicing of the mortgage loan, which message failed disclose that the communication was from a debt collector b) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

[D.E. #1 at ¶34].

On September 5, 2014, the Court entered an Order denying Green Tree's Motion to Dismiss [D.E. #12]. Pursuant to a Joint Stipulation for Extension of Time to Respond to Class Action Complaint, Defendant's answer is due September 29, 2014. Accordingly, Defendant has not yet determined all defenses it will raise in its Answer. Defendant, however, will deny in its Answer that it violated the FDCPA. Defendant will also raise a defense that the alleged calls did not occur in the course of collecting a debt, as the alleged voice mails did not identify the account number or claim that a payment was outstanding.

**(2) DESCRIPTION OF ALL DISCOVERY CONDUCTED BY THE PARTIES TO DATE**

The parties have agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by September 22, 2014.

**(3) DESCRIPTION OF ALL DISCOVERY PROBLEMS ENCOUNTERED TO DATE, THE EFFORTS TAKEN BY THE PARTIES TO REMEDY THE PROBLEMS, AND THE PARTIES' SUGGESTED RESOLUTION OF THE PROBLEMS**

None to date.

**(4)     DESCRIPTION OF THE PARTIES' FURTHER DISCOVERY NEEDS**

The parties will seek the production of electronically stored information to the extent that any such information is digitally archived, maintained, etc.  The parties will cooperate to address and narrow any electronic discovery issues.  To the extent that no class is certified in connection with this matter, the parties do not anticipate there being a large amount of electronic information in this case or that the production of such information will be problematic.  To the extent that a class is certified in connection with this matter, the parties anticipate that there likely will be a very large amount of electronic information produced.

The parties also anticipate that a confidentiality and/or protective order will be required to protect against the dissemination of certain information.  Specifically, Defendant believes that Plaintiff may requests records protected by the Gramm-Leach Bliley Act, as well as certain confidential and proprietary policies and procedures.

**(5)     PARTIES' ESTIMATE OF THE TIME NEEDED TO COMPLETE DISCOVERY**

Defendant believes that prior to class certification, the Court should limit the scope of discovery to prohibit Plaintiff from seeking discovery as to individual members of the putative class. Specifically, Plaintiff should not be able to request information including loan files, names and call logs for members of the putative class until the Court has certified the class.

Plaintiff does not agree to refrain from seeking discovery as to the members of the putative class before certification.

If the Court agrees with Defendant, all non-expert class certification discovery should be completed by May 2, 2015. If the Court agrees with Plaintiff, all discovery shall be completed by June 2, 2015.

**(6) STATEMENT REGARDING WHETHER EXPERT TESTIMONY WILL BE NECESSARY, AND THE PARTIES' ANTICIPATED SCHEDULE FOR RETENTION OF EXPERTS AND SUBMISSION OF THEIR REPORTS**

The parties anticipate that expert witnesses will be retained in connection with the class certification phase and propose the following schedule for expert witness discovery.

| | |
|---|---|
| Disclosure of Plaintiff's Expert For Class Certification Issues | January 5, 2015 |
| Disclosure of Defendant's Expert For Class Certification Issues | February 5, 2015 |
| Expert Class Certification Discovery Deadline | June 1, 2015 |

**(7) STATEMENT REGARDING WHETHER THERE SHOULD BE ANY LIMITATION PLACED UPON USE OF ANY DISCOVERY DEVICE, AND IF SO, THER REASONS THE LIMITATION IS SOUGHT**

The parties do not propose any modifications to the number of depositions, interrogatories, requests for production or requests for admissions allowed by the Federal Rules of Civil Procedure. The parties also do not seek to modify the length of depositions under Fed. R. Civ. P. 30.

**(8) DESCRIPTION OF ANY SPECIAL DISCOVERY NEEDS OF THE PARTIES**

None at this time.

Respectfully submitted,

Dated: September 10, 2014

| | |
|---|---|
| s/ Ryan L. Gentile | s/ Martin C. Bryce, Jr. |
| Ryan L. Gentile, Esq. | Martin C. Bryce, Jr. |
| rlg@lawgmf.com | bryce@ballardspahr.com |
| Law Offices of Gus Michael Farinella, PC | Ballard Spahr LLP |
| 147 West 35th Street, Suite 1008 | 1735 Market Street, 51st Floor |
| New York, NY 10001 | Philadelphia, PA 19103 |
| Telephone: 201.873.7675 | Telephone: 215.665.8500 |
| *Attorneys for Jerry Wong* | *Attorneys for Defendant Green Tree* |

4

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of September, 2014 a true and correct copy of the foregoing **JOINT DISCOVERY PLAN** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
147 West 35th Street, Suite 1008
New York, NY 10001
rlg@lawgmf.com

                                                s/ Martin C. Bryce, Jr.
                                                Martin C. Bryce, Jr.