UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC,<br><br>Defendant. | CASE NO. 2:13-cv-07887-ES-JAD |

## DISCOVERY CONFIDENTIALITY ORDER

Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of highly confidential information or confidential information in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, electronically stored information ("ESI") and other information, including without limitation, documents, ESI and information produced, answers to interrogatories, responses to requests for admission, any document marked as an exhibit at any deposition, witness testimony, deposition transcripts, hearing transcripts and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A lawyer or any person under direct control of a lawyer acting on behalf of any party, third party or non-party subject to discovery in this action ("The Litigation") may, after review, and on a good faith basis, designate any of the materials described above in paragraphs 1 and 2 as "Confidential" as defined below, if it reflects, refers to or evidences any "Confidential" information.

4. For purposes of this Protective Order, the term "Confidential" information means information that counsel of record for the designating party, third party or non-party in good faith has determined implicates common law and statutory privacy interests of confidential information, and may include, by way of example: sensitive personal information, sensitive and personal financial information, non-public confidential proprietary data, non-public confidential proprietary business information; and non-public confidential research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

5. All "Confidential" documents and/or information produced by any party, third party or non-party in The Litigation shall be used by any party receiving or reviewing such documents and/or information only for the purposes of preparing for and conducting The Litigation.

6. "Confidential" information shall be designated specifically by marking the information and/or each page of a document produced as "CONFIDENTIAL." In lieu of marking and producing the original of a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection.

2

7. In the event that an original copy of a document is designated "Confidential" as set out in Paragraph 11, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "Confidential" or if the receiving party is actually aware of such fact or given notice thereof. Such "Confidential" designation shall be made at the time documents or materials are produced.

8. Notwithstanding the foregoing, documents that are not designated "Confidential" at the time of production may subsequently be designated as "Confidential" by the disclosing party in a letter to the receiving party that specifically describes each document so designated, and the receiving party shall treat those documents as "Confidential" as of the date of their designation.

9. Documents that any disclosing party inadvertently does not designate as privileged or subject to work product protection upon production may be subsequently designated as subject to such protection pursuant to the process described in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

10. Regarding witness testimony, the testimony of any party, third party or non-party may be designated as "Confidential" by the following means:

    (a) stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given, that this information is "Confidential" testimony, or

    (b) transmitting written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential," within fourteen (14) days after receipt of the final version of such transcript, during which fourteen (14) day period any such testimony shall be treated as "Confidential."

11. Documents or materials marked as "Confidential" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom, shall not be disclosed to anyone other than to "Qualified Persons," who are defined to consist of:

(a) The parties to the Litigation;

(b) Counsel to the parties to the Litigation, including any in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(c) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action, provided that the designated material is necessary for the individual expert or consultant to provide the assistance for which he or she was retained;

(d) Any deponents or witnesses, provided that the designated material is shown to them in the course of preparation for or the conducting of a deposition or hearing;

(e) Any court reporter or typist recording or transcribing testimony;

(f) The Court (in the manner provided by Paragraph 14 hereof); and

(g) Any other person upon which the parties agree in writing.

12. Prior to disclosing "Confidential" information to any person listed in Paragraph 11 (other than counsel, persons employed by counsel, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed "Undertaking and Confidentiality Agreement", which is attached as Exhibit "A", where that person agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

13. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision and Paragraph 14, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

14. Documents or materials designated as "Confidential" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall be filed pursuant to the provisions of L. Civ. R. 5.3(b).

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" shall be returned to the party that designated it "Confidential" or the parties may elect to destroy such documents. Where the parties agree to destroy "Confidential" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this rd day of March, 2015.

_____
Hon. Joseph A. Dickson
United States Magistrate Judge